CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 17 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TESHA CAMELLE JOYCE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:10-cv-511 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN WENDY HOBBS, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

The petitioner, Tesha Camelle Joyce, an inmate in a Virginia state prison, filed this pro

se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent filed a

motion to dismiss, to which the petitioner responded, making the matter ripe for resolution.

Upon review of the record, the court finds that the motion to dismiss must be granted.

**Factual and Procedural Background**

On September 28, 2005, Joyce was convicted of felony obstruction of justice in the

Circuit Court for the City of Salem. The Court sentenced her as follows:

> For Obstruction of Justice . . . incarceration for four years. The Court
> [s]uspends this sentence after time served.
> The total sentence imposed is four years. The total amount of sentence
> suspended is four years after time served.

(Mot. to Dismiss Ex. 2 at 2.) Joyce did not appeal her conviction or her sentence.

After Joyce was arrested in December of 2006 for violating the conditions of her

probation, she failed to appear at her revocation hearing. A capias issued but was not served on

Joyce until December of 2008. The Court appointed her an attorney and held a probation

revocation hearing on February 4, 2009, at which the Court revoked her probation and sentenced

her to the entirety of the suspended term: "4 years less time served on original charge." (Mot. to

Dismiss Ex. 1 at 3.)

Joyce timely appealed the sentence imposed at the revocation hearing to the Virginia Court of Appeals and to the Supreme Court of Virginia, arguing that the sentencing court had erred in refusing to consider mitigating circumstances and alternatives to incarceration. After her appeal was denied in the Court of Appeals, the Supreme Court likewise denied her appeal on January 8, 2010.

While incarcerated, Joyce received her first legal update from the Virginia Department of Corrections ("VDOC") on October 8, 2009. Believing that her projected release date had been calculated erroneously due to the fact that VDOC had not credited her with certain previous jail time, Joyce wrote to the Circuit Court for the City of Salem, requesting that her sentence be credited appropriately. The Court, after consulting with counsel for the Commonwealth and for Joyce, initially determined that Joyce possessed six months and twenty days of jail credit that should have been—but was not—credited against her remaining term of incarceration. On June 11 and June 23, 2010, the Court entered orders mandating that she be given credit accordingly.

Shortly thereafter, however, the Court changed course, entering an order on July 1, 2010 that vacated the June 11 and June 23 orders. As the Court subsequently explained to Joyce,

> After entering the order on June 23, 2010 giving you credit for six months and twenty days a hearing was held before this Court to review the entry of that order. Sufficient evidence was presented to show that the Court erred in crediting you with that good time and the order was vacated.

(Circ. Ct. Rec. at 68.) Joyce did not appeal the June 23 order.

Joyce filed a state <u>habeas</u> petition in the Virginia Supreme Court on October 12, 2010,[1]

arguing various claims to the effect that her initial conviction was wrongful, that the sentence

imposed on her with respect to the probation revocation proceeding was wrongful, and that she

had erroneously been denied proper credit for time previously served. On November 1, 2010,

the Court refused her petition as untimely, pursuant to Virginia Code § 8.01-654(A)(2).

Joyce filed the present petition on November 15, 2010. She essentially asserts the

following claims: (1) that her 2005 conviction for obstruction of justice was rife with

unconstitutional error (including an alleged conflict of interest, excessive force, insufficient

evidence, and an involuntary guilty plea); (2) that she was erroneously denied five days of jail

credit with respect to her 2005 conviction; (3) that the prosecutor in her probation revocation

proceeding possessed an impermissible conflict of interest which should have barred him from

participation in her case; (4) that the court improperly assigned her a court-appointed counsel in

place of the counsel that she had retained; and (5) that she had erroneously been denied proper

credit against her probation revocation sentence for time previously served. The respondent has

moved to dismiss her petition.

### Discussion

Because the petitioner is proceeding <u>pro se</u>, her pleadings must be held "to less stringent

standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520

(1972). The requirement of liberal construction does not mean, however, that the court can

ignore a clear failure in the pleading to "allege anything that remotely suggests a factual basis

---

[1]Joyce's petition was originally submitted on October 6, 2010, but failed to properly comply with state filing requirements. She supplemented her filing with the proper documents on October 12.

for the claim." Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Moreover, "judges are not . . . required to construct a [pro se] party's legal arguments for him."

Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). Likewise, the court is not required to

"attempt[] to divine the point" the litigant seeks to make about the specific facet of the criminal

proceedings that he challenges. Id. Where the petitioner's motion, when viewed against the

record, does not state a claim for relief, it should be dismissed. Raines v. United States, 423

F.2d 526, 529 (4th Cir. 1970).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

governs Joyce's § 2254 petition, a federal court generally cannot grant a writ of habeas corpus

for a petitioner who is in custody pursuant to the judgment of a state court unless the petitioner

has exhausted the remedies available in the courts of that state. 28 U.S.C. § 2254(b)(1)(A). In

order to have exhausted her claims in state court, the petitioner must have "fairly presented"

each federal claim to the highest state court. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.

1997). If the petitioner has not done so, her claims must be dismissed from federal court to

allow them to be presented in state court first. See 28 U.S.C. 2254(b), Granberry v. Greer, 481

U.S. 129, 134 (1987). However, if it is clear that the claims now would be procedurally barred

from review in state court, they are deemed simultaneously exhausted and procedurally

defaulted in federal court. See Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). A

federal court may not review any defaulted claim unless the petitioner can demonstrate cause

and prejudice for the default. Bousley v. United States, 523 U.S. 614, 621 (1998); Gray v.

Netherland, 518 U.S. 152, 162 (1996); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000);

United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

There is no dispute that Joyce failed to contest her 2005 conviction on direct appeal. These claims are therefore defaulted. Bousley, 523 U.S. at 621. She has made no attempt to claim cause and prejudice for her default, and her talismanic incantation that her conviction was a "miscarriage of justice" is without substance. Because Joyce cannot surmount the default of the claims she raises with respect to her 2005 conviction and sentence (denoted above as claims (1) and (2)), they must be dismissed. Bousley, 523 U.S. at 622; Murray v. Carrier, 477 U.S. 478, 485, 496 (1986).

Nor, moreover, has Joyce brought these claims to this court in a timely fashion. AEDPA imposes a one-year statute of limitations upon applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). The limitation period begins to run at the conclusion of direct review, subject to certain statutory exceptions, none of which are applicable here. See id.[2] Joyce did not seek direct review of her 2005 conviction, meaning that the limitations period concluded in late 2006. To the extent that Joyce's § 2254 petition seeks to challenge her 2005 conviction or the jail credit appended thereto, it must therefore be dismissed.

To the extent that Joyce's present petition raises several claims with respect to the probation revocation proceedings and sentence imposed in February of 2009 (identified above as claims (3), (4), and (5)), they must likewise be dismissed. Although Joyce brought these claims before the Supreme Court of Virginia in her state habeas petition, she failed to bring any

---

[2]To the extent that Joyce reasonably was not aware of the facts underlying her claim for jail credit with respect to this conviction until a later date, the limitations period would be tolled until the moment she should reasonably have been aware of it. See 28 U.S.C. § 2244(d)(1)(D). Even assuming that Joyce's claim would thereby be timely presented in this petition, it must nevertheless still be dismissed because it is procedurally defaulted.

of them before the Court on direct appeal. Again, "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911. See also Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994) (denying certain claims on exhaustion principles where they were not raised on direct appeal to the Virginia Supreme Court). But in her appeal of her probation revocation sentence, Joyce argued only that the trial court improperly failed to consider mitigating evidence; she did not assert any of the claims she now raises here. Nor did she ever seek direct review of the sentencing court's June 23, 2010 order. Moreover, at core, her dispute appears to revolve around the proper interpretation of the September 28, 2005 sentencing order initially entered in this case, implicitly arguing that the suspended term of "four years after time served" has a different meaning than that given to it by the sentencing court. See Mot. to Dismiss Ex. 2 at 2.

On these facts, there is no doubt that Joyce should have sought clarity on each of these issues in state court prior to mounting her current federal challenge. See 28 U.S.C. § 2254(b)(1)(A); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Granberry, 481 U.S. at 134; Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010); Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir. 2000). To the extent that she no longer can, see Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), her claims are simultaneously exhausted and procedurally defaulted on federal habeas. Bassette, 915 F.2d at 937. Given the absence of any colorable argument of cause and prejudice that excuses her default or that the default has resulted in a miscarriage of justice, however, each of Joyce's remaining claims must also be dismissed. Bousley, 523 U.S. at 622.

## Conclusion

For these reasons, the respondent's motion to dismiss will be granted.

The petitioner is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or of this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Id. Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, her first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and to counsel of record for the respondent.

ENTER: This 16th day of March, 2011.

_/s/ Glen E. Conrad_
Chief United States District Judge